UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

*FILED*
*OCT 30 2017*
*U.S. CLERK'S OFFICE*
*INDIANAPOLIS, INDIANA*

| | | |
|---|---|---|
| ANDREW U. D. STRAW,<br>*Plaintiff,* | ) | Case No.: 1:17-cv- |
| | ) | Hon. |
| | ) | Judge Presiding |
| v. | ) | |
| **1:17-cv-3975 WTL -TAB** | ) | Hon. |
| INDIANA ATTORNEY GENERAL, | ) | Magistrate Judge |
| PATRICIA MCMATH, | ) | |
| *Defendants.* | ) | Jury Trial Demanded |

## COMPLAINT AGAINST PATRICIA MCMATH LETTER

Comes now *plaintiff* Andrew U. D. Straw, *pro se*, an adjudicated "qualified person with a disability" under the ADA, and I seek relief under the ADA's retaliation provisions (42 U.S.C. § 12203 & 28 C.F.R. § 35.134) and First and Fourteenth Amendments against defendants due to a letter that Patricia McMath sent me with multiple false threats for communicating with parties in my lawsuit, and so Complain:

## BACKGROUND FACTS

1.    I am disabled and the Northern District of Illinois U.S. District Court has adjudicated this fact.[1]

2.    My Indiana law license was inappropriately suspended in Indiana on February 14, 2017.  Also, my federal law licenses were suspended without any hearing in four different districts due to the actions of McMath's Indiana Supreme Court clients asking me to be suspended.

---

[1] *Straw v. Village of Streamwood, et. al.*, 17-1867 (7th Cir.)

3.    I appealed the decision denying me relief to the Seventh Circuit in *Straw v. Indiana Supreme Court, et. al.*, 17-1338 (7th Cir.).

4.    On the day when rehearing was denied, August 22, 2017, the attorney for the Indiana Supreme Court defendants, Patricia McMath, sent me a letter making a variety of false threats if I continued to communicate with my defendants.

5.    She made a false statement about Ethics Rule 4.2, which allows parties to communicate with one another.  Comment 4.

6.    She threatened an ethical investigation by her client, Mr. Witte, and that she would seek sanctions from a court if I communicate further.

7.    The letter speaks for itself.  (Ex. 1)

8.    The letter represents more of the attitude of abuse against my ADA work and my disabilities that her clients exhibited and that I placed into the record in *Straw v. Indiana Supreme Court, et. al.*, 1:16-cv-3483-SEB (S.D. Ind.)

9.    Judge Barker in that case refused to allow me to pursue any remedy for this letter, (Dkt. 66), stating that it was outside the record.  Because of her choice not to allow me relief in her court, I am filing this suit regarding this letter and nothing else.

## STANDING AND OTHER LEGAL ARGUMENTS

10.   My standing is self-evident.  The McMath letter was directed at me in the context of an ADA lawsuit appeal and that makes it retaliation for that lawsuit.

11.   I was communicating with my party opponents and the McMath letter threatened me specifically for that communication and to prevent any further communication, and that makes it retaliation for my First Amendment speech and petitioning officers of the government for redress of grievances.

12.   The U.S. Supreme Court has laid out the requirements for standing in a civil rights act case.  *Trafficante v. Metropolitan Life Insurance Company*, 409 U.S. 205 (1972).  This Civil Rights Act of 1968 case shows that Article III standing can be created through Congress passing a civil rights act that gives a particular group the right to sue, and violation of the terms of the Act is all the injury an "aggrieved party" needs to show.

13.   The *Fiedler* case from Maine showed that *Trafficante*'s 9-0 reasoning applies in the case of the ADA.  *Fiedler v. Ocean Properties Ltd.*, 683 F. Supp. 57 (D. Maine 2010).

14.   The Trafficante rule was mentioned positively 20 years later in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

15.   I have the right to compensatory damages under the ADA, Title II, per *Barnes v. Gorman*, 536 U.S. 181 (2002), so the retaliation must also be compensated under Title II, as per Title V and 28 C.F.R. § 35.134.

16.   Retaliation against an ADA complaint is illegal.  42 U.S.C. § 12203 prohibits retaliation, interference, coercion, and intimidation.

17.   42 U.S.C. § 12203(c) explains that the remedies available for retaliation, interference, coercion, and intimidation are those found in Title II in a case such as this.

18.   Filing an ADA lawsuit or making a complaint is a right under the Act, no matter how the complaint or lawsuit is resolved ultimately. Simply filing is a right.  42 U.S.C. § 12133.  The right against retaliation for having done so is extremely broad and explained in 28 C.F.R. § 35.134 and the DOJ technical assistance manual found here: http://www.ada.gov/reg2.htm

19.   The Attorney General and Patricia McMath, one of his employees, have no immunity under the ADA, Title II: 42 U.S.C. § 12202. The lack of state government immunity was discussed in *Tennessee v. Lane*, 541

U.S. 509 (2004), because Congress has abrogated 11th Amendment immunity of states.

## COUNT I: RETALIATION

20.   I had a right to file the ADA case and appeal a decision I thought was wrong, and I had the right to communicate with my parties.

21.   The McMath letter caught me by surprise.  It was clearly wrong on the ethical issue under Rule 4.2 because comment 4 specifically allows the communications I was doing.  To retaliate was to enforce against me humiliation, ostracism, and shunning.," all of which injure me more than an average person due to mental disabilities I have from U.S. Marine Corps poisoning as a child. *Straw v. United States*, 17-2114 (Fed. Cir.); *Straw v. United States*, 16-17573-GG (11th Cir.).  These injuries include bipolar disorder, depression, social anxiety, and migraines so intense that I go blind in both eyes.

22.   I am the proverbial person with an "eggshell skull" when it comes to emotional trauma and injuries to my person.

23.   The tone of the McMath letter was derision and the statements of law were false.  The letter was an ethical abomination.

24.   Because the letter was sent in the context of McMath serving the Indiana Attorney General and defending a variety of different disability discrimination actions I was opposing, her letter was in retaliation for my ADA case and appeal.

25.   This count under the protections of the ADA and its regulations applies to the defendants in their capacity as public and private individuals and public entities.

## COUNT II: FIRST AND FOURTEENTH AMENDMENTS

26.   The letter also was attempting to shut down my First Amendment and Fourteenth Amendment rights to communicate with government officers who violated my rights.   This right is the right to petition government and it appears in the First Amendment.   The First Amendment applies to state officers and governments through the Fourteenth Amendment. This count is directed at the defendants in the sense that they are state officials in Indiana and so covered by the U.S. Constitution.

## PRAYER FOR RELIEF

27.   I seek an injunction under 42 U.S.C. §§ 12132, 12133, 12203, and 28 C.F.R. § 35.134 to force the defendants to recant the letter and to

6

enjoin them never to make such false legal and ethical threats in the future against me or any other person similarly situated.

28.   I ask the Court to protect me so that the damage does not increase with yet more abuse, in whatever form.  No disciplinary complaint should be afflicting me when I am doing something covered by both the ethics rules and the ADA as well as the U.S. Constitution.

29.   As mentioned in the original case to stop the discipline:[2]

> "To obtain a **preliminary injunction**, the moving party must show that its case has 'some likelihood of success on the merits' and that it has 'no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied.'" *Stuller, Inc. v. Steak N Shake Enters., Inc.*, 695 F.3d 676, 678 (7th Cir. 2012) (quoting *Ezell v. City of Chi.*, 651 F.3d 684, 694 (7th Cir. 2011)). "If the moving party meets these threshold requirements, the district court 'must consider the **irreparable harm** that the nonmoving party will suffer if preliminary relief is granted, balancing such harm against the irreparable harm the moving party will suffer if relief is denied.'" *Stuller*, 695 F.3d at 678 (quoting *Ty, Inc. v. Jones Grp., Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)). "The district court must also consider the **public interest** in granting or denying an injunction." *Stuller*, 695 F.3d at 678.
>
> "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "Preliminary relief is properly sought only to avert irreparable harm to the moving party." *Chicago United Indus., Ltd. v. City of Chicago*, 445 F.3d 940,

---

[2] *Straw v. Indiana Supreme Court, et. al.*, 1:16-cv-03483-JMS-TAB (S.D. Ind.), Dkt. 28, pages 2-3.

944                    (7th                    Cir.                    2006).

30.   If my evidence shows that I have some chance of success on the merits from the retaliatory actions of the defendant (shunning; threats), no adequate remedy at law and irreparable harm is likely, my situation satisfies the *Stuller* test.   I believe this to be so for the reasons given above and in the attached affidavit.

31.   Balancing **irreparable harm** of each side is easy.   There is no legitimate interest in the Attorney General or his staff making false threats and false statements of ethics and law to violate federal legal rights under the ADA or the Constitution.

32.   There is a strong public interest in restoring me and preventing any further harms.   First Amendment rights are always considered to be in the public interest.

33.   I have demonstrated that my aims are to increase "access and opportunity" for every disabled person in the United States and that is the motto of my political party.[3]   Being forced to stop abusing me will not

---

[3] *Straw v. Indiana*, 1:17-cv-1797-WTL-DML (S.D. Ind.).   *IFP* was granted in this case in July 2017.

even impose a light burden on the defendant. Injunction relief is needed and appropriate.

34. I ask for compensation under *Barnes v. Gorman*, 536 U.S. 181 (2002), to pay for the injuries to me from the ADA retaliation and to make me whole. I ask further compensation for the First and Fourteenth Amendment violations. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In total, my sum certain is **$300,000** jointly and severally to be imposed on the defendants as compensatory damages, since McMath worked in the Attorney General's office and her letter was on his letterhead.

35. **The damages from retaliation are bad.** They demonstrate that the defendant has no remorse and will keep violating the law and injuring me indefinitely, damaging me as a civil rights leader, regardless of my rights as disabled person and lawyer. I have been adjudicated as a disability lawyer with disabilities, as well as a public figure who does disability work. *Straw v. Chamber, et. al.*, 2015 IL App (1st) 143094-U.

36. I ask any other relief that this Court and a jury may deem fitting under the circumstances.

## JURISDICTION AND VENUE

37. This Court has jurisdiction over this action under 28 U.S.C. § 1331, as it contains federal questions based on the Americans with Disabilities Act, Titles II & V (and its regulations) and the First Amendment of the U.S. Constitution, as incorporated by the Fourteenth Amendment.

38. Venue properly lies in the Southern District of Indiana under 28 U.S.C. §1391(b), as a substantial part of the events giving rise to this action occurred within this district.

I, *plaintiff* Andrew U. D. Straw, certify that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the above statements and factual representations are true and correct under penalty of perjury. Dated: October 25, 2017

Respectfully submitted,

s/ ANDREW U. D. STRAW

1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
Telephone: (312) 985-7333  Fax: (877) 310-9097
andrew@andrewstraw.com

10

## CERTIFICATE OF SERVICE

I, *plaintiff* Andrew U. D. Straw, certify that I filed the above COMPLAINT and supporting EXHIBIT and CIVIL COVERSHEET with the Clerk of this Court via U.S. Mail, First Class and postage prepaid on October 25, 2017, and this will be served on all attorneys of record as well as permanently available through Pacer.gov. I enclose an IFP motion and PROPOSED SUMMONS and USM Form 285 separately.

Respectfully submitted,

s/ ANDREW U. D. STRAW
1900 E. Golf Rd., Suite 950A
Schaumburg, IL 60173
Telephone: (312) 985-7333
Fax: (877) 310-9097
andrew@andrewstraw.com
*Plaintiff,* Proceeding *Pro Se*